

FILED
SEP 0 5 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT FONSECA, an individual, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware Corporation; HP ENTERPRISE SERVICES, LLC, a Delaware Limited Liability Company; HP, INC., a Delaware corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-00071-BEN-BLM<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO REMAND;**<br><br>**2) DENYING DEFENDANT'S MOTION TO STAY AS MOOT;**<br><br>**3) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT.** |

Plaintiff Bryant Fonseca ("Fonseca") filed this action on behalf of himself, all others similarly situated, and the general public against Hewlett-Packard Company, a Delaware corporation and its successors, HP Enterprise Services, LLC, a Delaware Limited Liability Company, and HP, Inc., a Delaware corporation (collectively, "HP"), in

1

the California Superior Court for San Diego County.[1] Fonseca's Complaint alleges seven claims under state law related to the termination of his employment by Defendant HP. HP removed the case to this Court asserting federal jurisdiction based on complete preemption under the Employee Retirement Income Security Act ("ERISA"). Having removed the case, HP also moves to stay or dismiss. Fonseca moves to remand the case back to state court.

## BACKGROUND[2]

Fonseca is a resident of the County of San Diego in the State of California. (Doc. No. 1-2 ¶ 3.) A 55-year-old man, Fonseca was employed by HP for nearly 36 years at HP's office in Rancho Bernardo. (*Id.* ¶¶ 15-16.) For most of his career, Mr. Fonseca worked in the "CHIL" workgroup. (*Id.*) The CHIL group conducted research and development related to HP's all-in-one printers. (*Id.*) In approximately August 2016, the CHIL workgroup dissolved and Fonseca began working in an engineering support group. (*Id.* ¶ 19.)

In 2012, the median age of HP's workforce was 39 years old, the oldest in the tech industry. (*Id.* ¶ 20.) To compete, HP implemented its "2012 U.S. Workforce Reduction Plan" ("WFRP"), which (according to the Complaint) was a scheme to unlawfully terminate older, higher paid employees and replace them with younger, lower paid employees. (*Id.* ¶ 21.) The WFRP also deterred ex-employees from seeking employment with other employers due to the clause stating, "[i]f you accept a position with a competitor during the WF[R]P Redeployment Period, you will terminate your Plan participation and not be eligible for the Cash Severance Pay."

Eventually, Fonseca was notified that his employment was being terminated pursuant to the WFRP, and his termination date was May 19, 2017. (*Id.* ¶ 42.) Prior to

---

[1] Superior Court Case No.: 37-2017-00045630-CU-WT-CTL.
[2] The following overview of the facts is taken from the allegations of Defendant's Notice of Removal to Federal Court. (Docket No. 1.) The Court is not making findings of fact.

2

3:18-cv-00071-BEN-BLM

his notice of termination, Mr. Fonseca had received excellent performance reviews and numerous performance related awards within his department. (*Id.* ¶¶ 45-46.)

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Remand should result, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (*Id.*)

A Court has original "federal question" jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. In ruling on a remand motion, the Court ordinarily looks to the complaint as it existed at the time of removal. *Section* 1331 removal is governed by the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (*Id.*) This means "either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)). Here, there is no federal question presented on the face of the complaint filed by Fonseca. Thus, under the well-pleaded complaint rule, there is no federal jurisdiction and the removal was improper.

Defendants assert there is an exception. They say that the WFRP is actually an employee benefit plan and that employee benefit plans are covered by ERISA. However, based on the allegations in the complaint, HP's label for its WFRP – that it is an ERISA "employee benefit plan" – appears to be a misnomer. More important, however, is the

fact that Fonseca does not seek to enforce any so-called rights or obtain any so-labeled benefits from HP on the basis of its WFRP.

Complete preemption removal under ERISA *Section* 502(a) is an exception to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004). Where *Section* 502(a)'s comprehensive civil enforcement scheme completely preempts state-law claims, those claims may be removed to federal court. (*Id.*); *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Not so with conflict preemption under *Section* 514(a) where the claim "relates to" an ERISA plan. (*Id.*)

In *Marin General*, the Ninth Circuit distilled *Davila* into a conjunctive, two-prong test for determining whether ERISA completely preempts a state-law claim. (*Id.* at 946-47.) Specifically, ERISA completely preempts a state-law cause of action: (1) if "'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's action.'" (*Id.* at 946) (quoting *Davila*, 542 U.S. at 210).[3] Further, because the test is in the conjunctive, both prongs must be satisfied for ERISA to completely preempt a state-law claim. *Marin Gen.*, 581 F.3d at 947.

## DISCUSSION

HP argues that Fonseca can bring his claims under *Section* 502(a). HP says, "[t]he civil enforcement provisions of ERISA, codified in § 1132(a), are 'the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of

---

[3] The test's first prong reaches past *Section* 502(a)(1)(B) to other subsections of *Section* 502(a). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) (holding that Congress clearly manifested its intent to allow removal to federal court of causes of action within the scope of the civil enforcement provisions of *Section* 502(a)); *Sorosky v. Burroughs Corp*, 826 F.2d 794, 799 (9th Cir. 1987) (holding that complete preemption was applicable to the *Section* 502(a)(3) claims alleged).

4

a claim for benefits." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 953 (9th Cir. 2014) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987)). While that is correct, it is of no importance.

A *Section* 502(a)(3) claim must seek to either *enjoin* acts or practices that violate an ERISA provision or an ERISA plan's terms. *See* ERISA § 502(a)(3) (emphasis added). Fonseca alleges HP "utilized the WF[R]P in an illegal way – it disparately impacted older workers by preselecting them for involuntary terminations." (Doc. No. 8-1 at 1.) Fonseca asserts that the WFRP's real purpose is not to provide ERISA benefits to employees but to "realign [HP's] organization to further stabilize the business and create more financial capacity to invest in innovation." And it accomplishes this goal by unlawfully discriminating against older aged employees. (*Id.* at ¶ 22.)

Fonseca does not allege that his termination violation any ERISA provision, and accordingly does not seek to enjoin, obtain equitable relief for, or otherwise redress any ERISA violation. Nor does he seek to enforce any ERISA provision or WFRP "benefit." Instead, Fonseca's Complaint focuses on HP's disparate treatment of employees based on their older age and the "no-poach" agreements. (Doc. No. 15 at 6.) In challenging HP's target practice of terminating older (age 40 and older) employees and threatening to withhold severance wages from ex-employees who do not follow the WFRP, Fonseca essentially alleges that the WFRP violates California law. Accordingly, Fonseca could not have brought his claims pursuant to 502(a)(3).

HP's arguments to the contrary are unpersuasive. HP contends that where ERISA contains a substantive provision governing the conduct about which a plaintiff complains, *Section* 502(a)(3) provides the remedy and concomitantly completely preempts the plaintiff's claims. (*See* Doc. No. 14 at 10-11.) HP takes too broad a view of the admittedly broad reach of ERISA preemption.

As discussed *supra*, the complete preemption test's first prong requires that a plaintiff could have brought his claim under *Section* 502(a). *See Marin Gen.*, 581 F.3d at 946; *Metro. Life*, 481 U.S. at 66. Whether an ERISA provision governs the conduct a

5

plaintiff complains of is relevant to the first prong, but the inquiry does not end there. A removing defendant must also show that the plaintiff could have brought a claim to enforce an ERISA provision or plan term or to enjoin acts or practices that violate an ERISA provision or plan term. *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 825 (9th Cir. 2001) (holding that ERISA did not completely preempt the plaintiffs' state-law claims because plaintiffs did not seek to "enjoin any act or obtain any other equitable relief to redress any violations or enforce any provisions of ERISA"). While HP argues Fonseca's claims purportedly fall under ERISA, HP does not show how Fonseca could have brought a claim to enforce an ERISA provision or plan term or to enjoin acts or practices that violate an ERISA provision or plan term.

Instead, HP seems to be arguing for conflict preemption, not complete preemption, by alleging that ERISA "relates to" Fonseca's claims. *Section* 514's preemption clause does provide that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." ERISA § 514 (emphasis added). But *Section* 514 concerns conflict preemption, which, unlike complete preemption, does not confer federal question jurisdiction. *Marin Gen.*, 581 F.3d at 949. Accordingly, that an ERISA provision "relates to" Plaintiff's state-law claims is not sufficient where, as here, the Defendant seeks to establish federal question removal jurisdiction. (*Id.*)

The cases HP relies on are distinguishable because, unlike here, those cases involved plaintiffs seeking to enforce, enjoin, obtain equitable relief for, or otherwise redress violations of ERISA provisions or ERISA plan terms. *See e.g. Sorosky*, 826 F.3d 794 (1996). In *Sorosky*, the plaintiff alleged that the defendant had agreed to provide him with monthly retirement benefits and later terminated him to prevent him from acquiring those benefits in violation of California law. *Sorosky*, 826 F.3d at 800. ERISA governed the plan under which the plaintiff alleged he was to receive monthly retirement benefits. (*Id.* at 799.) The Ninth Circuit noted that ERISA *Section* 510 provides, "[i]t shall be unlawful for any person to discharge . . . a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become

6

entitled under the plan." (*Id.* at 800.) "*Sorosky*, therefore, had a federal claim under *Section 502(a)(3) to enforce his right under Section 510 to non-interference with his employee benefits.*" (*Id.*) (emphasis added). *See also Romney*, 94 F.3d at 81 (holding that the plaintiff, who sued to collect the defendant's delinquent contributions to an ERISA plan, could have sued under *Section 502(a)(3) to obtain relief for the defendant's alleged violation of Section 515*, which required the defendant to make contributions in accordance with the terms of the at-issue plan).

Because the complete preemption test is in the conjunctive and HP has failed to satisfy the first prong, the Court need not determine whether HP has satisfied the second prong. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009). HP has failed to show that ERISA completely preempts Fonseca's state law claims. As Fonseca's complaint asserts only state claims on its face, the Court lacks federal question jurisdiction. Accordingly, the Court grants Fonseca's Motion to Remand the Action to state court. The Court denies Fonseca's request for costs and fees.

Because the Court has determined that remand is required, it need not address the merits of HPs' motions to stay or dismiss, and therefore the motions are denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and Defendants' Motion's to Stay and Dismiss are **DENIED as moot**. This case is remanded to the Superior Court of California, County of San Diego. Each side shall bear their own costs and attorney fees incurred as a result of the removal. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED: August 31, 2018

HON. ROGER T. BENITEZ
United States District Judge